IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK W. SCOTT,** | : | CIVIL ACTION NO. 1:05-CV-1542 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JO ANNE B. BARNHART**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 7th day of July, 2006, upon consideration of the report of the magistrate judge (Doc. 15), recommending that the above-captioned action be remanded to the Commissioner of Social Security with instructions to calculate and pay benefits, see Chicager v. Califano, 574 F.2d 161, 164 (3d Cir. 1978), to which objections were filed (see Doc. 16), arguing that the administrative law judge ("ALJ") correctly found that the opinion of plaintiff's treating physician should not be given controlling weight, that plaintiff was not credible, and that plaintiff had the residual functional capacity ("RFC") to perform a significant range of sedentary work, and, following an independent review of the record, it appearing that the ALJ improperly rejected the treating physician's opinion, see Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (stating that an ALJ may not make "speculative inferences from medical reports" and may only reject an opinion where there exists contradictory medical evidence); see also Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988); Schwartz v. Halter, 134 F. Supp. 2d 640, 651 (E.D. Pa. 2001); 20 C.F.R. § 404.1527(d)(2)(i) (providing that a treating physician's opinion is entitled to more

deference the longer he or she has attended to the claimant), that the ALJ erred in requiring objective evidence of disabling pain to corroborate claimant's testimony,[1] see Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (stating that objective evidence of the pain itself is not required); see also Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (stating that the ALJ must "seriously consider" claimant's subjective complaints of pain), and that sufficient evidence does not exist to support the ALJ's finding that plaintiff had the RFC to perform a significant range of sedentary work, see Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that a final agency determination may only be disturbed when the decision is not supported by substantial evidence of record); see also (Doc. 11 at 493) (assuming the veracity of plaintiff's subjective complaints, a vocational expert confirmed that plaintiff is unable to perform any sedentary work), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 15) is ADOPTED.

2. The above-captioned case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this order and the report and recommendation of the magistrate judge (Doc. 15).

3. The Clerk of Court is directed to CLOSE this case.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The treating physician opined that plaintiff's low back pain likely stemmed from a herniated disc. (Doc. 11 at 170).